

THE ATTORNEY GENERAL

OF TEXAS

AUSTIN, TEXAS 78711

WAGGONER CARR
ATTORNEY GENERAL

May 5, 1966

Honorable R. L. Lattimore          Opinion No. C-675
Criminal District Attorney
Hidalgo County                     Re: Whether former aliens who
Edinburg, Texas                        have become naturalized citi-
                                       zens since the voter regis-
                                       tration period ended this
                                       year, may legally be per-
                                       mitted to vote in the pri-
                                       mary or general election
Dear Sir:                              this year.

        You have requested an opinion on the voting status
during the current voting year of former aliens who become
naturalized citizens of the United States after March 17, 1966,
which was the closing date of the voter registration period
prescribed by Section 34b, Texas Election Code, enacted in
Section 7 of Senate Bill No. 1, Chapter 1, Acts 59th Legis-
lature, First Called Session, 1966 (Article 5.02b, Vernon's
Texas Election Code), and who on the day of an election at
which they wish to vote will meet all the valid requirements
of the Texas Constitution for voting at the election but who
did not pay a poll tax or register as voters during the regular
registration period from October 1, 1965 through January 31,
1966, or during the emergency 15-day registration period
(March 3, 1966 through March 17, 1966) set up by Section 34b.
You ask whether there is any way for citizens within this
class to register to vote following their naturalization, and
if not, whether they may vote without registration.

        Recently naturalized citizens who made timely payment
of the poll tax may become registered voters by complying with
the provisions of Article 5.14 of the Election Code relating
to holders of alien poll tax receipts; and those exempt from
the poll tax on the ground of nonage or nonresidence may register
by obtaining an exemption certificate under the provisions of
Article 5.17 of the Election Code. Those exempt from the poll
tax on the ground of overage who do not live in a city of
10,000 or more inhabitants at the time of the election need

not have registered, and those who have moved into such a city after the close of the regular registration period may register by obtaining an exemption certificate under the special provision of Article 5.16 relating to voters in this category. Thus, the class of recently naturalized citizens whose right to vote might be questioned is narrowed to those (1) who were subject to the poll tax levied for the year 1965 but who did not pay the tax during the regular period for payment, or (2) who were exempt from the tax on the ground of overage and lived in a city of 10,000 or more inhabitants during the regular registration period and continue to live in such a city at the time of the election.

The problem is a temporary one only, as provision is made for registration of former aliens in the permanent provisions of the voter registration law enacted at the recent special session of the Legislature following invalidation of the requirement for payment of the poll tax as a prerequisite for voting, which will govern registration for voting in 1967 and subsequent years. Sec. 44a, Texas Election Code, enacted in Sec. 2 of S.B. No. 1, supra. However, we find no provision in the laws now in force under which these persons could have registered as voters before they became naturalized citizens or under which they may now register. The provisions of Article 5.14 of the Election Code do not satisfy the necessities of the occasion, because it did not afford an opportunity to register without payment of the poll tax -- a requirement invalidated in United States of America v. State of Texas, decided by the Federal District Court for the Western District of Texas, Austin Division, on February 9, 1966, which judgment was affirmed by the United States Supreme Court on May 2, 1966 (not yet reported), and in Harper v. Virginia State Board of Elections, ___ U.S. ___, 86 S.Ct. 1079 (March 24, 1966). And Section 34b, supra, providing for registration by any person who had not obtained a poll tax receipt or an exemption certificate entitling him to vote in this year's elections "but who is in other respects a qualified elector," did not provide an opportunity for registration by persons who were not in fact

qualified electors at that time but who expected to become qualified electors at a future date within the voting year, as does Article 5.17, now in force, and Section 42a, which will become effective for registering to vote in future years.

The qualifications of an elector as defined by the Texas Constitution are "exclusive and conclusive," and the Legislature has no power to add to or diminish the constitutional qualifications, or to deny to anyone the right of suffrage granted to him by the Constitution. Koy v. Schneider, 110 Tex. 369, 218 S.W. 479 (1920); Solon v. State, 54 Tex.Crim. 261, 114 S.W. 349 (1908); Hamilton v. Davis, 217 S.W. 431 (Tex.Civ.App. 1919, error ref.); Texas Power & Light Co. V. Brownwood Public Service Co., 111 S.W.2d 1225 (Tex.Civ.App. 1937, error ref.). Subject to a possible exception as to persons becoming qualified electors within such a short time before an election (e.g., within the four-day period preceding the election, see Art. 5.22, Election Code) that their names cannot be added to the list of registered voters to be used at the election, we are of the opinion that a person who is a qualified elector under the Constitution cannot be denied a right to vote because the Legislature has failed to provide a method by which he may become a registered voter.

We have not found any decision by a Texas court as to voting procedures for qualified electors who are not expressly exempt from registration but for whom the Legislature has not provided a method for registration. Prior Attorney General's opinions on this problem have reached conflicting results. An opinion appearing in Volume 371, p. 803, of Letters and Opinions of the Attorney General (1936), written before amendment of present Article 5.16 of the Election Code to provide for late registration of overage voters moving to a city of 10,000 or more inhabitants after the close of the regular registration period, held that following his removal the voter should be issued an exemption certificate. On the other hand, Opinion No. O-6026 (1944), written before amendment of Article 5.14 to provide for substitution of a voting poll tax receipt for the alien receipt after naturalization of the holder, held that there was no statutory authority to amend or correct the list of qualified voters or the alien poll tax receipt or to issue a new "voting" receipt, and that neither of these things should be done. The opinion stated that in order to vote, the

former alien "need only convince the election judge that he is now a citizen," and that "a presentation of his naturalization papers, or a certified copy thereof, or an affidavit that he is at the time of election a citizen, having been naturalized, or anything that would convince the election judge that his previous disqualification has been removed will suffice to permit his voting." Opinion No. 2436 (1922), published in Report and Opinions of the Attorney General, 1920-1922, p. 335, held that an overage voter who moved to a city of 10,000 or more after January 31 could vote without having registered. Cf. Att'y Gen. Op. O-2451 (1940).

We agree with the holding in Opinion No. O-6026. Accordingly, we hold that qualified electors within the two categories covered by this opinion may vote without having registered. In Opinion No. O-6026, each voter had already supplied information concerning his age, birthplace, length of residence, etc., in connection with the issuance of the alien poll tax receipt, and this information was supplied to the election officers on the list of alien taxpayers which the tax collector was required to prepare and furnish to them. Art. 2975, R.C.S. 1925; Art. 5.14, Election Code. Supplementation of this information with proof of naturalization was all that the election judge needed to require in order to establish the voter's qualifications. However, in the present case the election judge will have no prior information as to the individual's qualifications as a voter, and the judge should inquire into other qualifications in addition to citizenship before permitting the person to vote.

## SUMMARY

Former aliens (1) living in a city of 10,000 or more inhabitants who are exempt from the poll tax on the ground of overage, or (2) who are subject to the poll tax levied for the year 1965 but who did not pay the tax prior to February 1, 1966, may vote without having registered as voters in elections held during the current voting year if they become naturalized citizens of the United States after March 17, 1966, and meet all other valid qualifications for voting, as prescribed by the Constitution of

Texas, at the time of the election. The election judge should inquire into the individual's qualifications as a voter, and require proof of such facts as are deemed necessary, before allowing him to vote.

Yours very truly,

WAGGONER CARR
Attorney General

By: *Mary K. Wall*
Mary K. Wall
Assistant

MKW:ra

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Wade Anderson
Marietta Payne
David Longoria
Ralph Rash

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright